UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AARON BEAVER,<br>    Plaintiff,<br><br>v.<br><br>THE LINCOLN NATIONAL LIFE<br>INSURANCE COMPANY,<br>    Defendant. | Civ. No. 2:19-cv-00717<br><br>COMPLAINT FOR ERISA BENEFITS |

Plaintiff, Aaron Beaver, makes the following representations to the Court for the purpose of obtaining relief from Defendant's refusal to pay long term disability (LTD) benefits due under an ERISA employee benefit plan, and for Defendant's other violations of the Employee Retirement Security Act of 1974 ("ERISA"):

**JURISDICTION AND VENUE**

1. This Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1337 and 29 U.S.C. § 1132(e) (ERISA § 502(e)).  Plaintiff's claims "relate to" an "employee welfare benefits plan" as

PLAINTIFF'S COMPLAINT
Civ. No.: 2:19-cv-00717                                1

Evergreen Disability Law
465 NE 181st Ave., No. 500
Portland, Oregon 97230
(503) 888-9331

1 defined by ERISA, 29 U.S.C. § 1001 et seq. and the subject benefit plan constitutes a "plan under ERISA."

2. The ERISA statute, at 29 U.S.C. § 1133, as well as Department of Labor regulations, at 29 C.F.R. § 2560.503-1 provide a mechanism for administrative or internal appeal of benefits denials. In this case, the plan's mandatory appeals have been exhausted and this matter is now properly before this court for judicial review.

3. Venue is proper within the Western District of Washington pursuant to 29 U.S.C. § 1132(e)(2), as the district in which the plan was administered.

**PARTIES**

4. Plaintiff, Aaron Beaver (hereinafter, "Plaintiff"), is currently and was at all times relevant to this case a resident of Richland, Benton County, Washington.

5. Defendant The Lincoln National Life Insurance Company ("Lincoln National"), is an insurance company headquartered in Omaha, Nebraska, and is authorized to transact the business of insurance in this state.

6. Lincoln National is the party obligated to pay benefits and to determine eligibility for benefits under Group Long Term Disability Policy No. 000010173541, issued by Lincoln National to Washington State Auto Dealers Insurance Trust.

7. Lincoln National may be served with process in Washington by and through its registered agent for service of process, Corporation Service Company, 300 Deschutes Way Southwest, Suite 304, Tumwater, WA 98501.

**FACTS**

8. Plaintiff was employed by Overturf Motor Company, Inc., as a salesperson.

9. Overturf Motor Company participates in employee benefit plans sponsored and administered by the Washington State Auto Dealers Insurance Trust.

10. By virtue of his employment, Plaintiff was covered by Group Long Term Disability Policy No. 000010173541, issued by Lincoln National to the Washington State Auto Dealers Insurance Trust.

11. The provision of group long term disability insurance coverage to employees of various Washington State Auto Dealers constitutes an ERISA welfare benefit plan ("Plan").

12. The Plan is administered by the Washington State Auto Dealers Insurance Trust from its offices at 12121 Harbour Reach Drive, Suite 105, Mukilteo, Snohomish County, Washington.

13. Plaintiff stopped working for Overturf Motor Company on or about November 17, 2014 due to disabling symptoms of a sleep disorder, headaches, carpal tunnel syndrome, lumbar radiculopathy, pancreatitis, and other conditions.

14. When Plaintiff ceased work he was covered under the terms of the Plan.

15. Plaintiff timely applied for long term disability benefits under the Plan.

16. For the first year of long term disability benefits under the Plan, the standard for disability is an inability to perform one's "own occupation."

17. Lincoln National approved Plaintiff's claim for "own occupation" LTD benefits, and paid his claim for the first year of such benefits.

PLAINTIFF'S COMPLAINT  
Civ. No.: 2:19-cv-00717

3

Evergreen Disability Law  
465 NE 181st Ave., No. 500  
Portland, Oregon 97230  
(503) 888-9331

18. After the policy's waiting period and first year of benefits, i.e., beyond May 18, 2016, the Plan provides that the standard for disability is an inability to perform "any Gainful Occupation."

19. Lincoln National denied Plaintiff's claim for "any occupation" disability benefits by letter dated May 12, 2016.

20. By letter dated November 17, 2016, Plaintiff timely appealed Lincoln National's denial.

21. As part of his appeal, Plaintiff submitted evidence from his treating providers that he was still suffering from a debilitating sleep disorder which caused excessive daytime fatigue, among other conditions and symptoms.

22. By letter dated March 1, 2017, Lincoln National upheld its prior denial of Plaintiff's claim.

23. By letter dated August 28, 2017, Plaintiff timely submitted a second appeal to Lincoln National.

24. Plaintiff's second appeal included evidence showing that although he had undergone surgery in an attempt to manage his sleep disorder, he continued to experience excessive daytime fatigue due to poor sleep, along with his other conditions.

25. By letter dated December 6, 2017, Lincoln National issued its final denial of the claim.

26. Lincoln National's December 6, 2017 letter stated that Plaintiff had "exhausted all rights of appeal..."

27. Plaintiff has exhausted the Plan's administrative remedies.

28. This complaint is timely filed within the contractual limitations period stated in the policy.

PLAINTIFF'S COMPLAINT
Civ. No.: 2:19-cv-00717                        4

Evergreen Disability Law
465 NE 181st Ave., No. 500
Portland, Oregon 97230
(503) 888-9331

29. Plaintiff was and continues to be disabled under the terms of the Plan.

30. Defendant would pay any benefits due out of its own funds.

31. Defendant was under a perpetual conflict of interest because the benefits would have been paid out of its own funds.

32. Defendant allowed its concern over its own funds to influence its decision-making.

**FIRST CAUSE OF ACTION
FOR PLAN BENEFITS PURSUANT TO 29 U.S.C. §§ 1132(a)(1)(B)**

33. Under the terms of the Plan, Defendant agreed to provide Plaintiff with long term disability benefits in the event that Plaintiff became disabled as defined by the Plan.

34. Plaintiff is disabled and entitled to benefits under the terms of the Plan.

35. Defendant failed to provide benefits due under the terms of the Plan and these denials of benefits to Plaintiff constitute breaches of the Plan.

36. The decisions to deny these benefits were wrong under the terms of the Plan.

37. The decisions to deny benefits and decision-making processes were arbitrary and capricious.

38. The decisions to deny benefits were not supported by substantial evidence in the record.

39. As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiff's disability, Plaintiff has been damaged in the amount equal to the amount of benefits to which he would have been entitled under the Plan.

40. As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiff's disability, Plaintiff has suffered, and will

continue to suffer in the future, damages under the Plan, plus interest and other damages, for a total amount to be determined.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff requests that this Court grant him the following relief in this case:

**On Plaintiff's First Cause of Action:**

1. A finding in favor of Plaintiff against the Defendant;

2. Damages in the amount equal to the disability income benefits to which he was entitled through the date of judgment, for unpaid benefits pursuant to 29 U.S.C. § 1132(a)(1)(B);

3. Prejudgment and postjudgment interest;

4. An Order requiring the Defendant to pay continuing benefits into the future, so long as Plaintiff remains disabled under the terms of the Plan, as well as any other collateral benefits to which he might be entitled on the basis of being disabled under the LTD plan, in the future so long as Plaintiff remains disabled under the terms of the Plan;

5. Plaintiff's reasonable attorney fees and costs; and

6. Such other relief as this court deems just and proper.

Dated this 14th day of May, 2019.

                                      Respectfully submitted,

                                      BY:   *s/Jeremy L. Bordelon*
                                                     Jeremy L. Bordelon, WSBA No. 53118

PLAINTIFF'S COMPLAINT                                             Evergreen Disability Law
Civ. No.: 2:19-cv-00717               6                           465 NE 181st Ave., No. 500
                                                                             Portland, Oregon 97230
                                                                             (503) 888-9331